**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:14-CR-079-KJD-(PAL) |
| Plaintiff, | ) | |
| v. | ) | Preliminary Order of Forfeiture |
| BRYON QUACKENBUSH, | ) | |
| Defendant. | ) | |

This Court finds that defendant Bryon Quackenbush pled guilty to Counts One and Two of a Three-Count First Superseding Criminal Indictment charging him in Count One with Conspiracy to Travel with the Intent to Engage in Illicit Sexual Conduct in violation of Title 18, United States Code, Section 2423(b) and (e) and in Count Two with Possession of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). First Superseding Criminal Indictment, ECF No. 62; Change of Plea, ECF No. 84; Plea Agreement, ECF No. 85.

This Court finds defendant Bryon Quackenbush agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the First Superseding Criminal Indictment. First Superseding Criminal Indictment, ECF No. 62; Change of Plea, ECF No. 84; Plea Agreement, ECF No. 85.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the

/ / /

Forfeiture Allegations of the First Superseding Criminal Indictment and the offenses to which defendant Bryon Quackenbush pled guilty.

The following assets are (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of violations of Title 18, United States Code, Section 2423(b) and (e); (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of Title 18, United States Code, Section 2423(b) and (e); (3) any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Section 2252A(a)(5)(B); and (4) any property, real or personal, used or intended to be used to commit or to promote the commission of Title 18, United States Code, Section 2252A(a)(5)(B) or any property traceable to such property, and are subject to forfeiture pursuant to Title 18, United States Code, Section 2428(a)(1); Title 18, United States Code, Section 2428(b)(1)(A) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 2253(a)(1) and (a)(3); and Title 21, United States Code, Section 853(p):

1. Asus G50V Laptop with a power source serial #91N0AS11492303E;
2. Motorola Tracphone IMEI: 356467010946409;
3. Blue Apple iPhone 5C, model A1532, FCC ID: BCG-E2644A;
4. Dell PP2L Laptop serial #43307949169 with adapter;
5. NightOwl Camera System DVR with 500 GB hard drive serial #112A-CA-030585;
6. Magellan GPS serial #0733218730970;
7. Sony 1 GB Memory Stick ProMedia serial #G904L5L;
8. Black 16 GB Apple iPhone, model A1241, FCC ID: BCG-A1241;
9. White Tt Thermaltake PC tower with no serial number;
10. Iomega Silver External USB HDD with adapter serial #99A9052C7F;

11. Black and grey computer, unknown make/model, Windows product key #W2JKP-RY2GF-D2F2R-3DP69-KP2TT;

12. Fuji Film Digital Camera with SD card serial #33A10774;

13. Kodak Digital Camera with 2 GB SD card serial #KCXJB84201967;

14. Apple iMac 27-inch computer with power cord serial #C04FHZ7VDHJF;

15. Two (2) DVD-Rs;

16. Seven (7) CD-Rs;

17. Sony Handycam with tape (missing battery) serial #492410;

18. Kingston External HDD serial #08733994700739;

19. Motorola cell phone model MB810 serial #SJUG5853AB;

20. One-hundred and thirty-six (136) CD/DVDs;

21. Samsung Galaxy Tablet with power cord serial #R61BA30499V;

22. Black generic computer tower with no serial number;

23. Red 64 GB thumbdrive;

24. Black Pen USB thumbdrive;

25. Custom full computer tower with no serial number;

26. Cooler Master PC serial #RC690KKN011082900594;

27. Western Digital Mybook External HDD serial #WMAZA4848683;

28. Cooler Master PC serial #RC932KKN11JF094303105;

29. Fuji Film Digital Camera with SD card serial #21A13210;

30. 32 GB PNY USB thumb drive; and

31. Sony Digital Camcorder with 16 GB memory card, serial #1131557, with power cord

(all of which constitutes property).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of Bryon Quackenbush in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 25th day of August, 2016.

_____
UNITED STATES DISTRICT JUDGE