AO 245B (Rev. 11/16)   Judgment in a Criminal Case
　　　　　　　　　　　　Sheet 1

# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| BRYON QUACKENBUSH | ) | Case Number: 2:14-cr-00079-KJD-PAL-1 |
|  | ) | USM Number: 48948-048 |
|  | ) | Bret Whipple, CJA |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 and 2 of the First Superseding Indictment.

☐ pleaded nolo contendere to count(s)
　which was accepted by the court.

☐ was found guilty on count(s)
　after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(b) and (e) | Conspiracy to Travel with the Intent to Engage in Illicit Sexual Contact | 2/20/2014 | 1 |
| 18 U.S.C. § 2252A(a)(5)(B), and (b)(2) | Possession of Child Pornography | 2/20/2014 | 2 |

　　　The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   all remaining   ☐ is   ☑ are dismissed on the motion of the United States.

　　　It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/9/2017
Date of Imposition of Judgment

*/s/ Kent J. Dawson*
Signature of Judge

KENT J. DAWSON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

5/12/2017
Date

AO 245B (Rev. 11/16) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

160 Months, per count, concurrent.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant to be permitted to serve his term of incarceration in FCI Terminal Island.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 11/16)  Judgment in a Criminal Case
　　　　　　　　　　 Sheet 3 — Supervised Release

Judgment—Page **3** of **8**

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :  Lifetime, per count, concurrent.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page **4** of **8**

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# SPECIAL CONDITIONS OF SUPERVISION

1. Sex Offender Treatment - The defendant shall attend, cooperate with, and actively participate in a sex offender treatment program, which may include polygraph examinations, as approved and directed by the probation officer, and as recommended by the assigned treatment provider.

2. No Contact with Minors - The defendant shall not associate with children under the age of 18, without the consent of a parent or guardian who is aware of the nature of the defendant's background and offense conduct. Furthermore, the association shall only occur in the presence of a responsible adult who is also aware of the nature of the defendant's background and offense conduct. The consent and notifications shall be confirmed and approved by the probation officer in advance. The defendant shall not loiter within 100 feet of places primarily used by children under the age of 18. This includes, but is not limited to, school yards, playgrounds, arcades, public swimming pools, water parks, and day care centers. The defendant shall not engage in any occupation, either paid or volunteer, that caters to known persons under the age of 18.

3. Victim-Witness Prohibition - You shall not have contact, directly or indirectly, with any victim or witness in this instant offense, unless under the supervision of the probation officer.

4. Pornography Prohibition - The defendant shall not possess, own, use, view, or read any material depicting and/or describing "sexually explicit conduct" involving children, as defined by 18 U.S.C. § 2256(2), or "actual sexually explicit conduct" involving adults, as defined by 18 U.S.C. § 2257(h)(1). This prohibition includes, but is not limited to, computer images, pictures, photographs, books, writings, drawings, videos, or video games. The definition under 18 U.S.C. § 2256 (2) means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. The definition under 18 U.S.C. § 2257(h)(1) means actual, but not simulated, conduct as defined in clauses (a) - (e) above. Furthermore, the defendant shall not patronize any place where the primary purpose is related to such material or entertainment.

5. Pre-approved Residence - The defendant's residence shall be pre-approved by the probation officer. The defendant shall not reside in a location that has direct view of places such as school yards, parks, public swimming pools, recreational centers, playgrounds, day care or youth centers, video arcade facilities, or other places that are primarily used by children under the age of 18.

6. Warrantless Search - You shall submit your person, property, residence, place of business and vehicle under your control to a search, conducted by the United States probation officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

7. Computer Restriction and Monitoring - The defendant shall keep the probation officer accurately informed of all computers and computer related digital devices or equipment with memory and/or wireless capabilities that he owns, uses, possesses or has access to. This includes, but is not limited to, desktop, laptop, and tablet computers, smart phones, cameras, digital readers, and thumb drives. The defendant shall provide to the probation officer all device and program passwords and internet service provider information, upon request. The defendant shall consent to the installation of any hardware or software systems on any computer or computer related digital device, to monitor the use of said equipment, at the direction of the probation officer; and the defendant agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his computer activities. Furthermore, the defendant shall consent to the inspection, imaging, copying of data, or removal of any device to ensure compliance with conditions.

DEFENDANT:  BRYON QUACKENBUSH
CASE NUMBER:  2:14-cr-00079-KJD-PAL-1

## SPECIAL CONDITIONS OF SUPERVISION

8. Notice to Employer of Computer Restriction - The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer related restrictions that are imposed upon him. This includes activities in which the defendant is acting as a technician, advisor, or consultant with or without any monetary gain or other compensation.

9. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

10. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ WAIVED | $ 50,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See Attached List | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRYON QUACKENBUSH
CASE NUMBER: 2:14-cr-00079-KJD-PAL-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 50,200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Any unpaid balance shall be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

**U.S. v. Bryon Quackenbush**
**2:14-CR-00079-KJD-PAL**
<u>**Restitution List**</u>



| | |
|---|---|
| Carol Hepburn Victim in series<br>Re: J_Blonde<br>200 First Ave., Ste 550<br>Seattle, WA 98119 | $ 5,000.00 |
| The Law Office of Erik L. Bauer<br>RE:  8 Kids (5 victims)<br>215 Tacoma Avenue South<br>Tacoma, WA 98402 | $ 25,000.00 |
| Marsh Law Firm PLLC in trust for Andy<br>Attn:  Andy<br>548 Market Street #65135<br>San Francisco, Ca 94104-5401 | $ 5,000.00 |
| Deborah Bianco in trust for Pia, Ava and Mya<br>14535 Bellevue-Redmond Road, Ste 201<br>Bellevue, WA 98007 | $ 15,000.00 |
| **Total Restitution** | **$ 50,000.00** |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:14-CR-079-KJD-(PAL) |
| Plaintiff, | ) | |
| v. | ) | Final Order of Forfeiture |
| BRYON QUACKENBUSH, | ) | |
| Defendant. | ) | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); Title 18, United States Code, Section 2428(a)(1); Title 18, United States Code, Section 2428(b)(1)(A) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 2253(a)(1) and (a)(3); and Title 21, United States Code, Section 853(p) based upon the plea of guilty by defendant Bryon Quackenbush to the criminal offenses, forfeiting the property set forth in the Plea Agreement and the Forfeiture Allegations of the First Superseding Criminal Indictment and shown by the United States to have the requisite nexus to the offenses to which defendant Bryon Quackenbush pled guilty. First Superseding Criminal Indictment, ECF No. 62; Change of Plea, ECF No. 84; Plea Agreement, ECF No. 85; Preliminary Order of Forfeiture, ECF No. 88.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 15, 2016, through October 14, 2016, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 89.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); Title 18, United States Code, Section 2428(a)(1); Title 18, United States Code, Section 2428(b)(1)(A) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 2253(a)(1) and (a)(3); Title 21, United States Code, Section 853(p); and Title 21, United States Code, Section 853(n)(7) and shall be disposed of according to law:

1. Asus G50V Laptop with a power source serial #91N0AS11492303E;
2. Motorola Tracphone IMEI: 356467010946409;
3. Blue Apple iPhone 5C, model A1532, FCC ID: BCG-E2644A;
4. Dell PP2L Laptop serial #43307949169 with adapter;
5. NightOwl Camera System DVR with 500 GB hard drive serial #112A-CA-030585;
6. Magellan GPS serial #0733218730970;
7. Sony 1 GB Memory Stick ProMedia serial #G904L5L;
8. Black 16 GB Apple iPhone, model A1241, FCC ID: BCG-A1241;
9. White Tt Thermaltake PC tower with no serial number;
10. Iomega Silver External USB HDD with adapter serial #99A9052C7F;
11. Black and grey computer, unknown make/model, Windows product key #W2JKP-RY2GF-D2F2R-3DP69-KP2TT;
12. Fuji Film Digital Camera with SD card serial #33A10774;
13. Kodak Digital Camera with 2 GB SD card serial #KCXJB84201967;

14. Apple iMac 27-inch computer with power cord serial #C04FHZ7VDHJF;

15. Two (2) DVD-Rs;

16. Seven (7) CD-Rs;

17. Sony Handycam with tape (missing battery) serial #492410;

18. Kingston External HDD serial #08733994700739;

19. Motorola cell phone model MB810 serial #SJUG5853AB;

20. One-hundred and thirty-six (136) CD/DVDs;

21. Samsung Galaxy Tablet with power cord serial #R61BA30499V;

22. Black generic computer tower with no serial number;

23. Red 64 GB thumbdrive;

24. Black Pen USB thumbdrive;

25. Custom full computer tower with no serial number;

26. Cooler Master PC serial #RC690KKN011082900594;

27. Western Digital Mybook External HDD serial #WMAZA4848683;

28. Cooler Master PC serial #RC932KKN11JF094303105;

29. Fuji Film Digital Camera with SD card serial #21A13210;

30. 32 GB PNY USB thumb drive; and

31. Sony Digital Camcorder with 16 GB memory card, serial #1131557, with power cord

(all of which constitutes property).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

/ / /

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this  9th day of  May            , 2017.

_____
UNITED STATES DISTRICT JUDGE